UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EYE KEYLA M. CARRUTHERS
WASHINGTON a/k/a ANTWAN M.
CARRUTHERS,

    Plaintiff,

    v.                        CAUSE NO. 3:23-CV-407-JD-MGG

WESTVILLE CORRECTIONAL
FACILITY, et al.,

    Defendants.

## ORDER

Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, a prisoner without a lawyer, filed a motion for a temporary restraining order which said she was in fear for her life, but did not allege facts showing that she was plausibly in imminent danger of serious physical injury. ECF 1. Washington did not pay the filing fee and is prohibited from proceeding in forma pauperis by 28 U.S.C. § 1915(g) unless she is in imminent danger of serious physical injury. *See* ECF 2. She was granted leave to file a complaint clarifying how she was in imminent danger of serious physical injury because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

In her one-paragraph complaint, Washington says she is in imminent danger of serious physical injury, but she does not provide facts showing she really is in such danger. She merely alleges the prison "has subjected transgender person sex-

discrimination, retaliation, and sex-stereotyping. Additionally suffer from psychological & public harm from defamation." ECF 4 at 3. To meet the imminent danger standard, Washington must complain of a threat that is both "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In plain terms, only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Being discriminated against, stereotyped, and defamed because she is transgender, while unprofessional and wholly inappropriate, are not genuine emergencies posing imminent danger of serious physical harm as defined by precedent.

Because her original allegations were vague, she was allowed to clarify them. Her clarification demonstrates she is not in imminent danger of serious physical injury. Mrs. Washington knows she can't proceed in forma pauperis unless she is in imminent danger of serious physical injury. She has been told in at least thirty-seven cases. *See* 3:22-cv-720, 3:22-cv-722, 3:22-cv-732, 3:22-cv-739, 3:22-cv-740, 3:22-cv-741, 3:22-cv-743, 3:22-cv-744, 3:22-cv-745, 3:22-cv-748, 3:22-cv-752, 3:22-cv-755, 3:22-cv-756, 3:22-cv-764, 3:22-cv-771, 3:22-cv-772, 3:22-cv-798, 3:22-cv-799, 3:22-cv-800, 3:22-cv-801, 3:22-cv-802, 3:22-cv-803, 3:22-cv-804, 3:22-cv-805, 3:22-cv-806, 3:22-cv-807, 3:22-cv-808, 3:22cv809, 3:22-cv-810, 3:22-cv-811, 3:22-cv-812, 3:22-cv-813, 3:22-cv-814, 3:22-cv-815, 3:22-cv-816, 3:22-cv-818, and 3:22-cv-819.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all

> outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Washington attempted to "bamboozle" the court by seeking to proceed in forma pauperis in this case when she isn't in imminent danger of serious physical injury. This case will be dismissed, the filing fee assessed, and Washington restricted until she has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict her from filing a notice of appeal nor "impede h[er] from making any filings necessary to protect h[er] from imprisonment or other confinement, but [it does] not let h[er] file any paper in any other suit . . . until [s]he pays the money [s]he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) DENIES Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers leave to proceed in forma pauperis (ECF 5);

(3) ORDERS the plaintiff, **Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, IDOC # 968154**, to pay (and the facility having custody of her to automatically remit) to the clerk of this court 20 percent of the money she receives for each calendar month during which she receives $10.00 or more, until the **$402.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until she has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the clerk to note on the docket of 3:23-cv-416 any attempted filings in violation of this order; and

(7) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on June 23, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT